IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Mutekis Jamar Williams,<br><br>        Plaintiff,<br><br>v.<br><br>Henry McMaster, Bryan Stirling,<br>Charles Williams,<br><br>        Defendants. | Case No.: 6:20-cv-02487-SAL<br><br><br>**OPINION AND ORDER** |

This matter is before the Court for review of the November 12, 2021 Report and Recommendation of United States Magistrate Judge Kevin F. McDonald (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.). [ECF No. 23]. In the Report, the Magistrate Judge recommends this action be dismissed with prejudice and without leave for further amendment. *Id.* Plaintiff filed timely objections to the Report. [ECF Nos. 25, 26]. This matter is ripe for ruling. For the reasons outlined herein, the Court adopts the Report in its entirety.

## BACKGROUND

In the Report, the Magistrate Judge set forth the background of this action thoroughly. The Court adopts this background without a recitation.[1]

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in

---

[1] Plaintiff does not specifically object to the Magistrate Judge's recitation of the background.

1

part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See id.*; Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which the party has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the pleading or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and

conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

**DISCUSSION**

In his objections, Plaintiff dedicates several pages to reasserting arguments from the pleadings and stating general, conclusory objections. *See* [ECF No. 25, pp.2-5]. These objections have the same effect as would a failure to object. *Staley*, 2007 WL 821181, at *1; *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47. The Court can discern four objections to the Report that could be considered specific enough to warrant *de novo* review. Plaintiff alleges the Magistrate Judge erred by:

1. "[A]cting as an arm for defendants. . .", ECF No. 25, p.4;
2. Treating Plaintiff as proceeding *in forma pauperis, id*;
3. Suggesting Plaintiff failed to amend his complaint, ECF No. 26 p.1; and
4. Denying Plaintiff leave to further amend his complaint, ECF No. 25, p.2.

The Court will conduct a *de novo* review of the portions of the Report to which specific objections were filed.

**I.     The Magistrate Judge properly reviewed the complaint.**

Plaintiff objects to the Magistrate Judge's role in screening the complaint. He argues: "[t]he Magistrate is acting as an arm for defendants, giving rise to a subject matter jurisdiction issue." [ECF No. 25, p.4]. Pursuant to 28 U.S.C. § 1915A(a): "The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the Magistrate Judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and submit findings and recommendations to the district court.

3

Plaintiff is a prisoner under the definition of 28 U.S.C. § 1915A(c) and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Further, Plaintiff filed this case challenging prison conditions or conditions of confinement under 42 U.S.C. § 1983. *See* Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Accordingly, the Magistrate Judge was authorized to screen Plaintiff's lawsuit to identify cognizable claims or recommend dismissing the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief can be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; Local Civil Rule 73.02(B)(2)(d) (D.S.C.).

The Magistrate Judge did not act as an arm of the defendants. Instead, the Magistrate Judge properly carried out his role as authorized by 28 U.S.C. § 1915A, 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). After a *de novo* review, the Court overrules Plaintiff's objection concerning the role of the Magistrate Judge.

**II.     Despite paying the filing fee, Plaintiff's complaint is subject to the screening provisions of 28 U.S.C. § 1915A.**

Plaintiff states in his objections "(1) Plaintiff is not filing under (IFP), two (2) he's paid the full filing fee." [ECF No. 25, p.1]. Plaintiff appears to be under the impression that the Magistrate Judge treated Plaintiff as proceeding *in forma pauperis*. This objection is without merit and is overruled. As the Magistrate Judge stated in the Report:

> Thus, *even though the plaintiff has prepaid the full filing fee*, this Court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief can be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.

[ECF No. 23, p.3] (emphasis added). This is an accurate statement of the law. The screening provisions of 28 U.S.C. § 1915A apply to all civil complaints brought by prisoners against governmental officials or entities regardless of whether the prisoner has paid the filing fee. *Carr*

*v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999); *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998); *Ricks v. Mackey,* 141 F.3d 1185 (Table), 1998 WL 133828 (10th Cir. Mar. 25, 1998); *McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 203 (2007); *Rowe v. Shake,* 196 F.3d 778, 781 (7th Cir. 1999). The Magistrate Judge was aware that Plaintiff prepaid the full filing fee and properly reviewed the complaint.

### III. The Magistrate Judge did not suggest that Plaintiff failed to amend his complaint.

In his objections, Plaintiff states: "magistrate report suggests, Plaintiff filed no amendment, but, quotes from it in report." [ECF No. 26 p.1]. This objection is without merit and is overruled. In the Report, the Magistrate Judge states:

> The plaintiff's amended complaint references an attachment, but there was no such attachment provided with his amended complaint (see doc. 18). To the extent the plaintiff refers to attachments previously provided to the court, as noted in the court's October 8, 2020, order, "an amended complaint replaces the original complaint and should be complete in itself" (doc. 15 at 7 (internal citations omitted)). In any event, the court has reviewed the attachment to the plaintiff's original complaint (doc. 1-1) and finds that even if the plaintiff intended to attach it to his amended complaint, his allegations still fail to state a claim for which relief can be granted.

[ECF No. 23, p.2 n.2]. The Magistrate Judge acknowledged that Plaintiff amended his complaint. The Magistrate Judge explained that Plaintiff's amended complaint improperly referred to the attachment in Plaintiff's original complaint. Nevertheless, the Magistrate Judge reviewed the improperly referenced attachment and found the allegations still fail to state a claim for which relief can be granted. The Magistrate Judge considered Plaintiff's amended complaint; therefore the objection is overruled.

## IV. The Magistrate Judge properly recommended denying further leave to amend the complaint, and this Court adopts that recommendation.

Plaintiff objects to "not being permitted to better style his amendment. . ." [ECF No. 25, p.2]. The Court construes this objection as an objection to the Magistrate Judge's recommendation that the district court dismiss the action with prejudice and without further leave for amendment. The Magistrate Judge stated in the Report:

> By order issued October 8, 2020, the undersigned gave the plaintiff an opportunity to correct the defects identified in his complaint and further warned the plaintiff that if he failed to file an amended complaint or failed to cure the identified deficiencies, the undersigned would recommend to the district court that the action be dismissed with prejudice and without leave for further amendment. Despite filing an amended complaint, the plaintiff has not cured the deficiencies identified in the order dated October 8, 2020 (doc. 15).

[ECF No. 23, p.10].

Where a district court has already afforded the plaintiff an opportunity to amend, the district court has discretion to either afford the plaintiff another opportunity to file an amended complaint or dismiss the complaint with prejudice, thereby rendering the dismissal a final, appealable order. *Workman v. Morrison Healthcare*, 724 F. App'x 280, 281 (4th Cir. 2018). Here, Plaintiff failed to cure the deficiencies identified in the Magistrate Judge's October 8, 2020 order. Further, Plaintiff's objections offer no persuasive argument as to how Plaintiff cured—or can possibly cure—the deficiencies in his complaint. Accordingly, the Court adopts the Magistrate Judge's recommendation and dismisses this action with prejudice and without leave for further amendment.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After *de novo* review of each part of the Report to which Plaintiff

specifically objected, the Court hereby adopts the Report, ECF No. 23, in its entirety and incorporates it by reference herein. For the reasons discussed above and in the Report, this action is DISMISSED WITH PREJUDICE and without leave for further amendment.

    IT IS SO ORDERED.

/s/Sherri A. Lydon
June 22, 2021                                    Sherri A. Lydon
Florence, South Carolina              United States District Judge